BURGESS v. MCLEAN *et al., Appellants.*

Conveyance : FRAUD : EVIDENCE.    The allegations of the petition in
this case to the effect that the conveyance by defendant to his wife
was in fraud of creditors, *held,* unsupported by the evidence.

*Appeal from Cape Girardeau Circuit Court.*—HON. J.
D. FOSTER, Judge.

REVERSED.

*Oliver & Limbaugh* and *R. L. Wilson* for appellants.

*Lewis Brown* for respondent.

PER CURIAM.—The allegation of the petition to the
effect that the conveyance by John McLean to Johnson,
and by the latter to McLean's wife, were made with the
intent to defraud creditors is wholly without evidence to
sustain it.    The evidence clearly proves that at the date
of those conveyances, John McLean owned unincumbered
property of the value of from $12,000 to $15,000.    That
he owed not exceeding five hundred dollars, and that
plaintiff's debt was contracted more than two years after
the conveyances above named were executed and re-
corded.    The property conveyed was an inconsiderable
portion of that owned by McLean, and was a reasonable
provision for his wife, to whom he had but recently been
married.    It was in evidence that he said that the con-
veyance was made to avoid any debt he might subse-
quently contract.    We suppose that no conveyance was
ever made by a husband to his wife but with that view.
There is no allegation or evidence to the effect that he

contemplated contracting debts when the conveyance was made, and that it was made in order to defeat any debts he then had it in contemplation to contract.

The judgment is reversed and the bill dismissed.